## EASTON v. WOODBURY.

1. Exceptions.—It is too late to raise objection to a ruling after permission is asked and accorded, to conform pleading thereto.

2. Written Instruments—Assignments—Evidence—Parol.—Proof by parol that an assignment was made under agreement that the mortgage which was then in the hands of an attorney for collection should so remain, does not contradict an ordinary assignment.

3. MORTGAGES—ATTORNEY'S FEES.—TENDER of mortgage debt, after due, the mortgage containing a clause providing for attorney's fees in case mortgage should be foreclosed or placed in the hands of an attorney for collection or suit, must include the amount of attorney's fees, when the mortgage was placed in hands of attorney for collection after due, but before tender, nothing having been done by attorney as to collecting.

4. SALE.—DECREE IN FORECLOSURE providing that surplus of proceeds of sale shall be held subject to further order of Court, does not militate against right of mortgagor to receive the surplus, as that may be provided for by a subsequent order.

Before WATTS, J., Georgetown, November, 1903. Affirmed.

Action by George Easton against Sarah E. Woodbury and William R. Woodbury. From Circuit decree, defendants appeal.

*Mr. T. St. Mark Sasportas,* for appellants, cites: *Legal tender discharges mortgage:* 26 S. C., 337. *Mrs. Woodbury was only surety:* 1 Jones on Mtg., sec. 114; 1 Brandt. Sur. and Ag., sec. 34; 16 S. C., 432. *Surety is not required to keep tender good:* 2 Jones on Mtg., sec. 893.

*Messrs. LeGrand G. Walker* and *J. A. Kelley,* contra, cite: *Tender must be continuous:* 2 Green. Ev., sec. 600; 17 S. C., 334; 21 Ency. P. & P., 563. *Debt is not extinguished by refusal of tender not including a claim, which may be erroneous:* 25 Ency., 901, 928; 38 R. A., 90; Green. on Ev., sec. 601-609; Benj. on Sales, sec. 713; 25 Ind., 261; 2 Green. Ev., sec. 604. *As to conditions under which tender should be made and proof of same:* 25 Ency., 903, 911; 9 L. R. A., 55; 45 Mich., 40. *Refusal of proper tender does not discharge the debt:* 33 L. R. A., 231, 580, and cases cited; 21 Ency. P. & P., 573.

April 29, 1905. The opinion of the Court was delivered by

Mr. Chief Justice Pope.   This was an action for the foreclosure of a mortgage of real estate, which came on to be heard by Judge Watts upon the report of the referee and exceptions thereto; but prior to the consideration of such referee's report there was a demurrer interposed by the plaintiff to the second and third defenses set up in the answer of Sarah E. Woodbury.   The Circuit Judge, in his decree, sustained such demurrer.   Thereafter he made his decree, and we do not know that we can any better state a fairer history of the contention between the parties than by reproducing the decree of his Honor, the Circuit Judge, which is as follows:

"This is an action for the foreclosure of a mortgage executed and delivered by the defendants, on 10 March, 1903, to O. B. Skinner, Sol. Brilles, A. A. Springs, T. M. Merriman and D. J. Crowley, on a certain lot of land in the city of Georgetown, to secure the bond of William R. Woodbury, of even date herewith, conditioned for the payment of the sum of $850, on 1 March, 1903, with interest at seven per cent. from date, payable annually after maturity.

"The defendant, William R. Woodbury, who is an absentee, was served by publication of the summons and has made default.   His codefendant, Sarah E. Woodbury, filed her answer, setting up three defenses, by the first of which she admitted all the allegations of the complaint, except paragraphs 8, 10 and 11, but specifically denied the allegations of the 8th, 10th and 11th paragraphs, to the effect that the whole amount of the debt secured by the bond and mortgage is due and unpaid, that the bond and mortgage were put into the hands of an attorney for collection a very few days after they became due, and have ever since been in charge of said attorney for collection, and that the amount of the mortgage debt is $908.01, with interest from 1 March, 1903; by the second she pleaded that she had signed the mortgage as a surety for her son and codefendant, and that on 11 April, 1903, she had tendered the plain-

tiff, George Easton, to whom the bond and mortgage had
been assigned, the sum of $920, the full amount of the debt
and interest, which had been refused by the plaintiff; and
by the third, she pleaded that she was a cotenant with the
other defendant, William R. Woodbury, and that on 11th
April, 1903, she had tendered to the plaintiff the full amount
due on the bond and mortgage for principal and interest to
date—being the sum of $920—which he had refused to
accept.   The answer claimed that by such tender and re-
fusal, the lien of the mortgage had been extinguished, and
concluded with a prayer that the defendant, Sarah E. Wood-
bury, be discharged as a surety for the said William R.
Woodbury, and that the lien of the mortgage, as to her, be
decreed to be discharged, and the further prayer that the
lien of the mortgage be discharged, and the same be entered
of record.

"The complaint alleged that the bond and mortgage had
been duly assigned for value to the plaintiff on 7 April,
1903.   By an order made by his Honor, Judge Ernest
Gary, on 20th June, 1903, it was referred to Maham W.
Pyatt, Esq., to take the testimony as to all the issues of fact
raised by the pleadings, and to report the same to the Court.

"During the progress of the reference the plaintiff's at-
torney gave notice of a motion for leave to amend paragraph
10 of the complaint so as to conform the pleadings to the
facts proven, by inserting in the third line thereof, after the
words 'became due,' the words 'and before the assignment
thereof referred to in paragraph 7 of this complaint;' the
effect of the proposed amendment being alleged that the
bond and mortgage were placed in the hands of an attorney
for collection before the said assignment and had ever since
remained in his hands.

"The cause came on to be heard before me at the present
term upon the pleadings and the testimony reported by the
referee.

"The plaintiff's counsel has moved for leave to make the

amendment above mentioned in his complaint, and the motion has been granted, and the amendment allowed.

"At the hearing the plaintiff interposed a demurrer to the second and third defenses set up in the answer of Sarah E. Woodbury (of which due notice had been given), upon several grounds—the two chiefly relied upon being as follows:

"1. That each of said defenses, by failing to deny the allegations of the complaint as to the provision of the mortgage for a fifteen per cent. attorney's fee, in case the bond and mortgage should be placed in the hands of an attorney for collection, and that they had been placed in the hands of an attorney before their assignment and had ever since remained in his hands, must be held to have admitted said allegations; and, therefore, the plea of a tender of an amount less than the debt, with interest and attorney's fee added, was insufficient.

"2. That the plea of tender, as made in each of said defenses, failed to aver that the defendant had ever since been and still is ready and willing to pay the amount alleged to have been tendered.

"The demurrer was sustained on both grounds, and the defendant was then allowed, on motion, to amend her answer by inserting the necessary allegations to meet the objections raised in the demurrer; that is to say: by inserting a specific denial in each of the said defenses of paragraphs 8, 10 and 11 of the complaint and an averment of *tout temps prist.*

"After hearing argument on the whole case, I am satisfied that the plaintiff is entitled to judgment of foreclosure and sale. The testimony is conclusive to the effect that the bond and mortgage were placed in the hands of an attorney for collection before their assignment to the plaintiff and before the alleged tender was made, and that they remained in his charge from that time until the present. The fifteen per cent. attorney's fee had, therefore, attached under the

provisions of the mortgage. This Court cannot make contracts for parties, but must enforce them as they are made. The tender set up in the answer was of a smaller amount than the sum really due on the bond and mortgage for principal, interest and attorney's fee, and was, therefore, unavailing to extinguish the lien of the mortgage.

"The defendant, William R. Woodbury, having made default, an order of reference was also made in the cause on June, 1903, to compute and ascertain the amount due on the mortgage debt for principal and interest, to take proof of the facts and circumstances stated in the complaint, and to examine the plaintiff or his agent on oath as to any payments which may have been made, with leave to report any special matter. * * *"

To this decree the defendant interposed the following exceptions:

"I. Because Sarah E. Woodbury is a surety, and, in a plea of tender, is not bound to allege a readiness and willingness at all times thereafter to pay the debt of her principal; and his Honor erred in sustaining demurrer to her answer upon the ground that the same was not pleaded.

"II. Because the written assignment of the mortgage is the best evidence of the agreement between the mortgagees and the assignee; and his Honor erred in admitting the testimony of T. M. Merriman, George Easton and Walter Hazard to the effect that there was a further agreement between the mortgagees and the assignees, whereby the mortgage should remain in the hands of Mr. Hazard for collection and foreclosure.

"III. Because the testimony of Walter Hazard, to the effect that there was an agreement between the mortgagees and the assignees whereby the mortgage should remain in his (Mr. Hazard's) hands for foreclosure, is hearsay; and his Honor erred in admitting the same.

"IV. Because the mortgage was placed in the hands of an attorney for the purpose of having the form of assignment

entered thereon, and not for collection, suit, action or fore-- closure; and his Honor erred in not so holding.

"V. Because, if the mortgage were placed in the hands of an attorney for collection, suit, action or foreclosure, the subsequent assignment of the mortgage was a withdrawal of the same from the hands of the attorney, and relieved the mortgagors from the imposition of the fee; and his Honor erred in not so holding.

"VI. Because, if the mortgage were in the hands of an attorney for collection, the attorney consented to the assignment of the mortgage and thereby relieved the mortgagors from the imposition of the fee; and his Honor erred in not so holding.

"VII. Because, if the mortgage were placed in the hands of an attorney for collection, suit, action or foreclosure, no act to that end was done prior to the tender, and no costs of collection incurred; and his Honor erred in holding the attorney's fee to be due at the time of tender.

"VIII. Because the mortgage was not placed in the hands of an attorney by the assignee prior to the tender; and his Honor erred in holding the attorney's fee to be due at the time of tender.

"IX. Because the tender of $920, an amount sufficient to pay the mortgaged debt with interest to the day of tender, was made to George Easton on the 11th day of April, 1903; and his Honor erred in not so holding.

"X. Because the terms of sale are prejudicial to the interest of the defendant, Sarah E. Woodbury, in that it would deprive the said Sarah E. Woodbury of her domicile and prevent her from obtaining the surplus money due her.

"XI. Because the surplus, or a part thereof, if any there be, after paying the judgment debt and costs, belongs to the defendant, Sarah E. Woodbury, and his Honor erred in not ordering that the same be paid to her by the sheriff after sale."

We will notice these exceptions in their order.

I. The appellant forgets that when the respondent demurred to the defenses covered by the suretyship and tender of Sarah E. Woodbury, that the Circuit Judge sustained such demurrer. The appellant made no objections to such ruling of the Circuit Judge, but asked permission to answer, which permission was accorded her, and now it is too late to raise an objection to the Judge's action. It is always well for counsel to remember that there is a proper time to raise objections to the rulings of the Circuit Judge; but, if such ruling is once accepted and affirmative steps are taken to carry the ruling into effect, the power to object to such judicial determination is gone. *Beasley* v. *Newell,* 40 S. C., 17, 18 S. E., 224. This exception is overruled.

II. It is true, as contended by the appellant, that the rules of law are very stern in not allowing any contract in writing to be contradicted or varied by parol testimony. This is true of the contract between the parties, but in the case here, Mr. Hazard, as attorney, had already been employed for some time to foreclose the bond and mortgage of the defendants, and for that purpose such bond and mortgage were deposited with him; his rights had attached, and when an assignment was made by the original holders or obligees of the bond to George Easton, the present plaintiff, they could not, without his consent, interfere with Mr. Hazard's rights, nor did they attempt to do so, for they had Mr. Hazard, as a lawyer, prepare a proper assignment, and only took the bond and mortgage to have the same signed by the five parties. They all agreed, however, that the assignment to George Easton should not affect Mr. Hazard's rights, as a lawyer, thereto. All the facts have been found against the appellant. This exception is overruled.

III. We see no force in the third exception, because whether Mr. Hazard's statement of the agreement between the mortgagees and assignee, whereby the mortgage should

17—71.

remain in Mr. Hazard's hands for foreclosure, is hearsay, yet the parties themselves come forward and say that such was their agreement, and, therefore, Mr. Hazard's state-ment is rendered unnecessary.   This exception is overruled.

IV.  We think there is a misconception in the mind of the appellant in relation to the fourth exception.   It was never intended to assert that Mr. Hazard's retention of the bond and mortgage was subsequent to the assignment to the plaintiff.   The bond and mortgage had been placed in his hands by the original obligees some time before any assign-ment to Mr. Easton was thought of; and, therefore, it was not error in his Honor to refuse to ignore this fact.   This exception is overruled.

V.  The matter involved in this exception is one of fact. The Circuit Judge has found against the appellant, and we see no good reason advanced by her why we should fail to support the Circuit Judge.   This ex-ception is overruled.

VI.  We cannot see why the preparation by Mr. Hazard, as an attorney, of the assignment by the previous holders to Mr. Easton could possibly interfere with his legal rights as an attorney.   This exception is overruled.

VII.  We agree with the Circuit Judge that it is no part of a Court's duty to make contracts for parties who are *sui juris,* as these parties unquestionably were.   The parties to the bond and mortgage stipulated to pay the fifteen per cent.   No ground is taken that any fraud or misconception was practiced.   We cannot uphold this seventh exception.

VIII.  This is a question of fact as to whether this mort-gage was placed in the hands of an attorney by the assignee prior to the tender.   We agree with the Circuit Judge as to the effect of the testimony in this case on this point, and we also agree with him in holding the attorney's fee to be due at the time of the tender.   This exception is, therefore, overruled.

IX.  This is another question of fact, and we are not dis-

satisfied with the view taken by the Circuit Judge, and, therefore, overrule this exception.

X. We see no force in the objection to the administrative order of Judge Watts governing the sale of the property in question. It is not pointed out to us how Sarah E. Woodbury is deprived of her domicile, and how she is to be prevented from obtaining the surplus money after the debt is paid, if there should be any. The order is made as is done in the courts of equity to provide for the rights of all parties affected. This exception is overruled.

XI. As to this exception, there is nothing in the decree of the Circuit Judge that prevents the defendant, Sarah E. Woodbury, from obtaining the surplus after the payment of all the debts and costs, only the Circuit Judge did not require that the surplus be paid over to her. That is a matter that is easily attended to after the sale and the collection of the proceeds of sale. It is no matter really of concern, because the terms of the decree did not allow the surplus of the proceeds of sale to be paid out without the consent of the defendant, Sarah E. Woodbury. All these matters of detail come in more appropriately after the decree has been enforced after the sale of the property in question, and the application of the proceeds of sale to the debt secured by the mortgage. This exception is overruled.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.

MR. JUSTICE GARY *concurs in the result.*